E-filing

1   MICHELLE B. HEVERLY, Bar No. 178660
    mheverly@littler.com
2   JOSHUA D. KIENITZ, Bar No. 244903
    jkienitz@littler.com
3   ALEXIS A. SOHRAKOFF, Bar No. 273410
    asohrakoff@littler.com
4   LITTLER MENDELSON, P.C.
    650 California Street, 20th Floor
5   San Francisco, California 94108.2693
    Telephone:   415.433.1940
6   Facsimile:   415.399.8490

7   Attorneys for Defendant
    THE GOODYEAR TIRE & RUBBER COMPANY

8

9                   UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                                          C13-1069

12  TOSHIBA JOHNSON, on behalf of herself    Case No.
    and all others similarly situated, and on (Alameda Superior Court
13  behalf of the general public, and as an   Case No. RG13665881)
    "aggrieved employee" under the Labor
14  Code Private Attorneys General Act of    **DEFENDANT'S NOTICE OF REMOVAL
    2004,                                     OF CIVIL ACTION FROM STATE
15                                            COURT**
                  Plaintiffs,
16
           v.
17
    THE GOODYEAR TIRE & RUBBER
18  COMPANY, an Ohio corporation, and
    DOES 1 through 10, inclusive,
19
                  Defendant.
20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

1  TO THE CLERK OF THE ABOVE ENTITLED COURT:  PLEASE TAKE NOTICE
2  that Defendant The Goodyear Tire & Rubber Company ("Goodyear" or "Defendant") hereby gives
3  notice of removal of the above entitled action from the Superior Court of the State of California,
4  County of Alameda, to the United States District Court for the Northern District of California.
5  Pursuant to 28 U.S.C. § 1446(d), Defendant is filing in said Superior Court and serving on Plaintiff's
6  counsel its Notice to Plaintiff and State Court of Filing of Removal of Civil Action to Federal Court.
7  (Exhibit A.)  Pursuant to Local Rule 3-2(d), because this action arose in Alameda County,
8  assignment to either the San Francisco Division or the Oakland Division of this Court is proper.

9  This Removal is grounded in the original jurisdiction of the District Court under 28
10  U.S.C. §§ 1332(a), 1441(b), and 1446(b) as amended by the Federal Courts Jurisdiction and Venue
11  Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011), and alternatively under the
12  Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005), *amending* 28 U.S.C. §
13  1332(d).  In support of this Notice of Removal of Civil Action (hereinafter, "Removal"), Defendant
14  submits the Declaration of Kimberly Ladouceur ("Ladouceur Dec.") (Exhibit B) and further states:

15  **I.  PROCEDURAL BACKGROUND AND TIMELY FILING OF REMOVAL**

16  1.  On February 1, 2013, an action entitled *Toshiba Johnson v. The Goodyear Tire &*
17  *Rubber Company* was commenced by Plaintiff Toshiba Johnson ("Plaintiff") in the Superior Court
18  of the State of California, County of Alameda, Case No. RG13665881 ("Action").  Defendant's
19  agent for service of process, Corporation Service Company, was served with a copy of the initial
20  Summons and the Complaint filed on February 1, 2013.  As of this date, the Action included only
21  two causes of action: (1) for alleged failure to reimburse expenses in violation of California Labor
22  Code § 2802; and (2) for alleged unfair competition in violation of California Business &
23  Professions Code §§ 17200, *et seq.*  Plaintiff also sought to have the Action certified to proceed as a
24  class action under California Code of Civil Procedure § 382, so that she could represent the interests
25  of other allegedly similarly situated California employees of Goodyear.

26  ///

27  ///

28  ///

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL                    2.

1      2.     On February 14, 2013, Plaintiff filed her First Amended Complaint. (<u>Exhibit C, Tab</u>

2  <u>1</u>.[1]) The instant removal is based upon this First Amended Complaint, which is referred to

3  hereinafter as the "Complaint." Service of the Complaint was effected on March 6, 2013. (<u>Exhibit</u>

4  <u>D</u>.) The Complaint adds a third cause of action, which seeks penalties available by and through

5  California Labor Code §§ 2698-2699.5, the Private Attorneys' General Act ("PAGA"). The

6  Complaint adds to the Action claims for penalties pursuant to California Labor Code §§ 226(a),

7  226.3, 2802, 2699(a) and 2699(f)(2).[2] (Complaint at ¶¶ 35-41.) Plaintiff seeks the aforementioned

8  penalties, under PAGA, on behalf of "all current and former employees" of Goodyear in California,

9  for "each" violation, "per employee per pay period." (Complaint at ¶ 39.) Plaintiff was able to

10 amend her initial complaint to include these claims for PAGA penalties based upon her January 11,

11 2013, letter to the California Labor and Workforce Development Agency ("LWDA"). (Complaint at

12 ¶ 41.) The Complaint also seeks attorneys' fees pursuant to Section 2802 and PAGA. (Complaint at

13 10:10-18 ["Relief Requested"].)

14     3.     This Removal is timely filed within 30 days of March 6, 2013, the date on which

15 Defendant was served with the Complaint which forms the basis for the Court's removal

16 jurisdiction. *See* 28 U.S.C. § 1446(b)(1); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526

17 U.S. 344, 356 (1999).

18 **II.    THE PARTIES**

19     4.     Plaintiff is and at all relevant times has been a citizen of the State of California and a

20 resident of Alameda County. (Complaint at ¶ 5; Ladouceur Dec., ¶ 4). Plaintiff's place of residence

21 is evidence of her domicile absent affirmative allegations to the contrary. *See District of Columbia*

22 *v. Murphy*, 314 U.S. 441, 454-55 (1941); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520

23 (10th Cir. 1994); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("the place of residence is *prima*

24 *facie* the domicile"); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008)

25 (maintaining a place of residence provides a *prima facie* case of domicile).

26

27 [1] Tab 1 of Exhibit C is the operative First Amended Complaint. Tab 2 of Exhibit C consists of all other process and pleadings served upon Goodyear (including the original complaint and Plaintiff's January 11, 2013, letter to the LWDA).

28 [2] All instances of "Section __" below, *e.g.*, "Section 226(a)," refer to these provisions of the Labor Code.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL    3.

5.      Defendant was at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Ohio, having its principal place of business in Akron, Ohio.  (Ladouceur Dec., ¶ 2; *accord* Complaint at ¶ 7.)  Goodyear is thus a citizen of Ohio and not California.  28 U.S.C. §§ 1332(a)(1), (c)(1); *see also Hertz v. Friend*, 130 S. Ct. 1181, 1192 (2010) (holding that a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which should "normally be the place where the corporation maintains its headquarters"); *accord Breitman v. May Co. Cal.,* 37 F.3d 562, 564 (9th Cir. 1994) (noting corporation was citizen of none other than the state in which its corporate headquarters was located and where its executive and administrative functions were performed).

6.      The pleaded "Defendants" include fictitious defendants designated as DOES 1 to 10 who are not parties to this action, have not been served, and are to be disregarded for the purpose of this Removal.  28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co*., 157 F.3d 686, 690-91 (9th Cir. 1998) (inclusion of Doe defendants in a state court complaint has no effect on removability).  The allegedly similarly situated employees whose interests Plaintiff seeks to represent are not yet parties to the Action and are, in any case, limited to Goodyear employees in California (*see, e.g.,* Complaint at ¶¶ 1, 10, 13).  In sum, there are no parties other than Plaintiff and Defendant, and there is complete diversity between the parties under 28 U.S.C. § 1332(a).

7.      Plaintiff seeks to represent two "classes" of Goodyear employees.  The first includes "[a]ll current and former California employees" of Defendant "who received one or more wage statements at any time since the date one (1) year prior to the filing" of the Action – *i.e.*, from January 11, 2012 to the present (Plaintiff's filing of her January 11, 2013, letter with the LWDA tolls the statute of limitation under PAGA for a maximum of 33 days).  (*See* Complaint at ¶ 10 ["Class I"].)  This includes at least 548 employees.  (Ladouceur Dec., ¶ 5.)[3]  All told, the 548 (or more) employees within "Class I" worked at least 31,740 pay periods (and received the same number of

---

[3] Defendant has included in this "at least 548" figure, as discussed in the Ladouceur Declaration, only *non-exempt* employees (like Plaintiff) at its retail locations in California (two such locations were closed during the above-delineated time period).  Defendant has not yet completed its investigation of how many employees are included in the broader "Class II" alleged in Paragraph 10 of the Complaint (which covers a four-year time period).  Defendant focuses on the employees at issue in Plaintiff's "Class I" herein because "Class II" need not be evaluated in order for the minimum amount in controversy threshold easily to be met.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL                    4.

wage statements) from January 11, 2012 to the present.  (*See* Ladouceur Dec., ¶¶ 7-10 & Attachment 1.)

## III.   VENUE

8.      The Complaint was filed by Plaintiff in Alameda County Superior Court, where she worked for Goodyear and where she resides.  (*See* Complaint at ¶ 5; Ladouceur Dec., ¶ 4.)  Venue thus properly lies in the United States District Court for the Northern District of California.  *See* 28 U.S.C. §§ 84(a), 1391(a) and 1441(a).

## IV.   JURISDICTION

### A.     Statutory Basis

9.      This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action between "citizens of different states" wherein the amount placed in controversy for the named plaintiff and the "aggrieved employees" on whose behalf she brings the action pursuant to PAGA exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

10.     Original jurisdiction *alternatively* exists under the CAFA, and the action may be removed pursuant to 28 U.S.C. § 1446, in that this action is brought as a putative class action on behalf of greater than one hundred (100) persons, at least one of whom is a citizen of a state different from any defendant, wherein the amount in controversy exceeds the sum of five million dollars ($5,000,000), exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).

### B.     The Amount In Controversy

#### 1.       Governing Legal Principles

11.     To determine the amount in controversy for purposes of removal, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 399 (2010).  In this context, Courts "must assume that the allegations of the complaint are true and ... that a jury [will] return[] a verdict for the plaintiff on all claims made in the complaint."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal citations omitted).  The ultimate inquiry is what amount is placed "in controversy" by the Complaint and not the amount that Defendant would owe if the plaintiff

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL                    5.

prevails. *Lewis*, *supra*, 627 F.3d at 401. *See also Rippee v. Boston Market Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.")

12. Where, as here, Plaintiff has not expressly and affirmatively alleged the amount in controversy, the removing Defendant must meet only a "preponderance of the evidence" standard to show that the minimum jurisdictional threshold ($75,000) is met. *Sanchez v. Monumental Life Insurance, Co*., 102 F.3d 389, 404 (9th Cir. 1996); *accord Urbino v. Orkin Servs. of Cal*., 882 F.Supp.2d 1152, 2011 U.S. Dist. LEXIS 114746, *9 (C.D. Cal. Oct. 5, 2011) (applying the "preponderance of evidence" standard to removal of PAGA action where complaint did not allege an aggregate amount in controversy, the number of employees represented or pay periods at issue).

13. When an action alleges a PAGA claim, the amount in controversy includes the alleged relief sought on behalf of *all* allegedly aggrieved employees, not just the named plaintiff. *See, e.g., Urbino, supra*, 2011 U.S. Dist. LEXIS 114746, at *24-30.[4] *See also* Defendant's Request for Judicial Notice in Support of Notice of Removal ("RFJN"), Exh. 1 (*Orellana v. Express, LLC*, Case no. 2:12-cv-00688, Order Denying Remand (Dkt. 16) (C.D. Cal. March 15, 2012 (Wilson J.) (applying preponderance of evidence standard to determine amount in controversy by aggregating potential PAGA penalties to find diversity jurisdiction)). In assessing the amount in controversy with respect to PAGA penalties, the Court properly considers the "aggregation of all PAGA penalties sought by the named plaintiff and the group of aggrieved employees on whose behalf Plaintiff brings suit" and measures that against the $75,000 jurisdictional threshold under 28 U.S.C. § 1332(a). *Thomas v. Aetna Health of Cal., Inc.*, 2011 U.S. Dist. LEXIS 59377, at *65 (E.D. Cal. June 2, 2011). *See also Lopez v. Ace Cash Express, Inc.,* 2012 U.S. Dist. LEXIS 70051, at *8-11 (C.D. Cal. May 4, 2012) (noting "[a]lthough the decisions of *Urbino* and *Thomas* are not binding on this Court, the Court finds them persuasive" and aggregating PAGA penalties to deny motion to remand); *Khelgatian v. Comerica Bank,* Case No. CV 11-7689 (C.D. Cal. Jan. 13, 2011)

---

[4] The issue of whether civil penalties brought under the PAGA can be aggregated to meet the $75,000 threshold for federal jurisdiction is currently pending review by the Ninth Circuit. *Baumann v. Chase Investment Services Corp.*, Case No. 12-55644, Sup. Ct. Case No. CV 11-6667 (C.D. Cal.); *Urbino v. Orkin Services of California,* Case No. 11-56944; Sup. Ct. Case No. CV-06456 (C.D. Cal).

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

1  (aggregating PAGA penalties); *Rumohr v. Comerica Bank*, Case No. CV 11-05475 (C.D. Cal. Jan.

2  17, 2012) (same); Defendant's RFJN, Exh. 2 (*Weyl v. Dollar Tree Stores, Inc.*, Case No. CV 12-

3  6419-GW(FFMx) (C.D. Cal. Sept. 24, 2012) (Wu, J., denying plaintiff's motion to remand, and

4  noting, at page 4 of 6[5], that "the majority of district courts have concluded that aggregation of PAGA

5  claims is the correct approach").  In *Thomas*, *supra*, the Court reasoned that "a PAGA claim is

6  common and undivided ... [and] the amount at stake in a PAGA claim is predicated on the *total*

7  *amount of the penalties* that can be sought by the aggrieved employees as the proxy of the LWDA."

8  2011 U.S. Dist. LEXIS 59377, at *57-58 (emphasis in original).

9        14.   In any case, Plaintiff continues to seek class certification (*see* Complaint at ¶¶ 10-12),

10  and is not pursuing the Action simply as a PAGA penalty action.  In other words, Plaintiff

11  affirmatively seeks to aggregate the potentially available penalties (and non-penalty relief) under

12  California Code of Civil Procedure Section 382 (Plaintiff's bid for certification will be governed by

13  Federal Rule of Civil Procedure 23 in this Court).  Accordingly, the minimum jurisdictional

14  threshold is clearly met (as described below) even if the PAGA penalties sought by Plaintiff are not

15  aggregated under the rationale of the growing body of case law discussed immediately above in

16  Paragraphs 12 and 13 of this Removal.

17        **2.**     **Calculations Based On Plaintiff's Express Allegations**

18        15.   <u>Claimed Wage Statement Penalties</u>.  Plaintiff claims that Goodyear violated Section

19  226(a) with respect to herself and other employees within "Class I" (*see* Complaint at ¶¶ 10, 36) by

20  issuing non-compliant wage statements.  The statute of limitations for PAGA penalties is one year.

21  *See* Cal. Code Civ. Proc. § 340; Labor Code § 2699.3(d).  The 548 or more non-exempt employees

22  employed in Goodyear's 55 California retail stores since January 11, 2012, received a weekly wage

23  statement (and worked weekly pay periods).  (Ladouceur Dec., ¶¶ 4-6, 8.)  At a minimum, an

24  average of 529 such employees were employed in each of the approximately 60 weeks between

25  January 11, 2012 and the present.  (*Id.*, ¶¶ 8-9.)  Thus, at least 31,740 wage statements were issued

26  (and at least 31,740 whole or partial pay periods were worked by employees on whose behalf

27

28  _____

[5] Page 4 of 6 of the above-cited order from *Weyl* is Page ID #:485, which is page 3 of the affirmed tentative ruling.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL     7.

Plaintiff seeks PAGA penalties).  (*Id.*, ¶¶ 8-10 & Attachment 1 [calculated as 529 employees – the minimum headcount per week – multiplied by 60 weeks].)

16.     Pursuant to PAGA (Section 2699(f)(2)[6]), Plaintiff seeks $100 for the initial pay period and $200 for each subsequent pay period for each employee, for the alleged violation of Section 226(a).  (*See* Complaint at ¶¶ 26, 38 & 39(a).)  (Notably, because Goodyear has not previously been found to violate Section 226(a) as Plaintiff alleges, any violation found due to the instant Action would be an "initial violation" for the purpose of PAGA penalties.  *See Amaral v. Cintas*, 163 Cal. App. 4th 1157, 1209 (2008).)  At $100 per pay period, the amount in controversy in Paragraph 39(a) of the Complaint is at least $3,174,000.  (*See* Ladouceur Dec., Attachment 1.)

17.     Pursuant to Section 226.3, Plaintiff seeks an additional $250 per pay period for Goodyear's alleged violation of Section 226(a), for the same group of current and former California employees.[7]  At $250 per pay period, the additional amount in controversy in Paragraph 39(b) of the Complaint is at least $7,935,000.  (*See* Ladouceur Dec., Attachment 1.)

18.     In sum, even abiding by the directive in *Amaral v. Cintas* that the lower "initial" penalty amounts be referenced, the amount in controversy in Paragraph 39 of the Complaint is at least $11,109,000.  (*See* Ladouceur Dec., Attachment 1.)

19.     <u>Claimed Penalties Under PAGA For Allegedly Unreimbursed Expenses</u>.  Plaintiff claims that she and all employees within "Class II" incurred business-related expenses for which they were not reimbursed by Goodyear, in violation of Section 2802.  (*See* Complaint at ¶¶ 10, 22, 37, 38, & 39(b).

///

---

[6] Section 2699(f) (2) provides as follows: "If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

[7] Section 226.3 provides as follows: "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law. In enforcing this section, the Labor Commissioner shall take into consideration whether the violation was inadvertent, and in his or her discretion, may decide not to penalize an employer for a first violation when that violation was due to a clerical error or inadvertent mistake."

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL                    8.

20. Goodyear denies Plaintiff's Section 2802 expense reimbursement claims in their entirety and lacks sufficient information to estimate what Plaintiff will allege is the actual amount of unreimbursed expenses. It is clear, however, that Plaintiff seeks, in Paragraph 39(a) of the Complaint, penalties under PAGA (through Section 2699(f)) for each and every pay period covered by the applicable one-year statute of limitations in which California employees of Defendant allegedly incurred expenses for which they were not adequately reimbursed under Section 2802. As set forth above in Paragraph 16 of this Removal, the amount of PAGA penalties in controversy under Paragraph 39(a) is at least $3,174,000. Because Goodyear disputes that Plaintiff may "pyramid" PAGA penalties under Section 2699(f)(2) on top of one another, Defendant considers this amount subsumed within the $11,109,000 in controversy under Paragraph 39 of the Complaint (as discussed in Paragraph 18 of this Removal).

21. <u>Claimed Attorneys' Fees</u>. Attorneys' fees provided by statute and sought in the pleadings may be added to the amount in controversy for the purposes of meeting the federal diversity jurisdictional threshold. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942-43 (9th Cir. 2001); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (noting the court may estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if she were to prevail in determining whether amount in controversy exceeds $75,000).

22. The Complaint (*id.* at 10:10-18) expressly seeks attorneys' fees, which are, in turn, available both under PAGA (*see* Section 2699(g)(1)) and Section 2802 (*see* Section 2802(c)).[8]

23. To the extent there is any doubt that the amount in controversy by virtue of the Complaint exceeds the applicable jurisdictional threshold, the addition of attorneys' fees (of any amount) removes that doubt. *See, e.g., Li v. A Perfect Day Franchise, Inc.,* 2012 U.S. Dist. LEXIS 83677, at *60 (N.D. Cal. June 14, 2012) (awarding $1,320,593.50 in attorneys' fees in action

---

[8] Section 2699(g)(1) (part of PAGA) provides, in relevant part, as follows: "Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs." Section 2802(c) provides as follows: "For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL                    9.

including PAGA penalty claims); *Pellegrino v. Robert Half International, Inc.*, 182 Cal. App. 4th 278, 283, 285-87 (2010) (awarding "reasonable" attorneys' fees of $978,121.98 to six plaintiffs found to have prevailed on alleged Labor Code violations).

24. In sum, the amount in controversy in the Action is, at a bare minimum, $11,109,000, clearly sufficient to meet the jurisdictional thresholds applicable to complete diversity jurisdiction (applicable here) or, in the alternative, CAFA removal jurisdiction. This figure, notably: (i) includes only employees employed within the one-year statute of limitations applicable to Plaintiff's Third Cause of Action; (ii) assumes the *lowest* potential average weekly non-exempt employee headcount (529) in Goodyear's California retail stores since January 11, 2012; (iii) uses "initial violation" penalty amounts under PAGA below the "subsequent violation" penalty amounts claimed by Plaintiff; and (iv) does not include the unspecified (yet certain to be substantial) attorneys' fees sought by Plaintiff via the Complaint. As such, this Removal would be proper even if the applicable jurisdictional threshold was significantly higher.

## V. PRAYER

For all of the reasons set forth above, Defendant prays that the current action now pending against it in Superior Court for the County of Alameda be removed therefrom to this Court and requests that this Court retain jurisdiction over all further proceedings.

Dated: March 8, 2013

JOSHUA D. KIENITZ
LITTLER MENDELSON, P.C.
Attorneys for Defendant
THE GOODYEAR TIRE & RUBBER
COMPANY

Firmwide:118745524.2 016524.3036

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL          10.

# EXHIBIT A

1 | MICHELLE B. HEVERLY, Bar No. 178660
JOSHUA D. KIENITZ, Bar No. 244903
2 | ALEXIS A. SOHRAKOFF, Bar No. 273410
LITTLER MENDELSON, P.C.
3 | 650 California Street
20th Floor
4 | San Francisco, CA 94108.2693
Telephone:   415.433.1940
5 | Fax No.:   415.399.8490

6 | Attorneys for Defendant
THE GOODYEAR TIRE & RUBBER COMPANY

7

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF ALAMEDA

10 | TOSHIBA JOHNSON, on behalf of herself

Case No. RG13665881

and all others similarly situated, and on
11 | behalf of the general public, and as an

**NOTICE TO PLAINTIFF AND STATE**
**COURT OF FILING OF REMOVAL OF**
"aggrieved employee" under the Labor
12 | Code Private Attorneys General Act of
**CIVIL ACTION TO FEDERAL COURT**
2004,

13 | Complaint Filed: February 1, 2013

Plaintiffs,

14

v.

15

16 | THE GOODYEAR TIRE & RUBBER
COMPANY, an Ohio corporation, and
DOES 1 through 10, inclusive,

17

Defendants.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Notice To Plaintiff And State Court Of Filing Of Removal Of Civil Action To Federal Court

TO THE CLERK OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA AND PLAINTIFF TOSHIBA JOHNSON: PLEASE TAKE NOTICE that on March 8, 2013, Defendant The Goodyear Tire & Rubber Company filed in the United States District Court in and for the Northern District of California, its Notice of Removal of Civil Action of the above-entitled action from the Superior Court of the State of California, County of Alameda to said United States District Court.  A copy of Defendant's Notice of Removal of Civil Action from State Court and its accompanying exhibits is attached hereto as Exhibit 1.

Dated: March 8, 2013

JOSHUA D. KIENITZ
LITTLER MENDELSON, P.C.
Attorneys for Defendant
THE GOODYEAR TIRE & RUBBER
COMPANY

Firmwide:118747112.1 016524.3036

2.

Notice To Plaintiff And State Court Of Filing Of Removal Of Civil Action To Federal Court

## PROOF OF SERVICE BY MAIL

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On March 8, 2013, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

NOTICE TO PLAINTIFF AND STATE COURT OF FILING OF
REMOVAL OF CIVIL ACTION TO FEDERAL COURT

in a sealed envelope, postage fully paid, addressed as follows:

Kenneth S. Gaines
Daniel F. Gaines
Alex P. Katofsky
Gaines & Gaines, APLC
21550 Oxnard Street, Suite 980
Woodland Hills, CA 91367

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 8, 2013, at San Francisco, California.



_____
Winnie Lee

LER MENDELSON, P.C.
550 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Firmwide:118778392.1 016524.3036

# EXHIBIT B

1   MICHELLE B. HEVERLY, Bar No. 178660
    mheverly@littler.com
2   JOSHUA D. KIENITZ, Bar No. 244903
    jkienitz@littler.com
3   ALEXIS A. SOHRAKOFF, Bar No. 273410
    asohrakoff@littler.com
4   LITTLER MENDELSON, P.C.
    650 California Street, 20th Floor
5   San Francisco, California 94108.2693
    Telephone:   415.433.1940
6   Facsimile:    415.399.8490

7   Attorneys for Defendant
    THE GOODYEAR TIRE & RUBBER COMPANY
8

9                UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11

12   TOSHIBA JOHNSON, on behalf of herself     Case No.
    and all others similarly situated, and on     (Alameda County Superior Court
13   behalf of the general public, and as an     Case No. RG13665881)
    "aggrieved employee" under the Labor
14   Code Private Attorneys General Act of     **DECLARATION OF KIMBERLY**
    2004,     **LADOUCEUR IN SUPPORT OF**
15                      **DEFENDANT'S REMOVAL**
            Plaintiffs,
16

17       v.

18   THE GOODYEAR TIRE & RUBBER
    COMPANY, an Ohio corporation, and
19   DOES 1 through 10, inclusive,

20             Defendant.

21          I, Kimberly Ladouceur, declare under penalty of perjury that I have personal

22   knowledge of the following facts and, if called upon as a witness, could and would competently

23   testify as follows:

24          1.     I am currently employed by The Goodyear Tire & Rubber Company

25   ("Goodyear") as a Human Resources Specialist – Absence & Compliance. I have been in this role

26   since August 2011, with a focus on Goodyear retail stores in California since April 2012. My

27   primary work location is Goodyear's headquarters in Akron, Ohio.

28

DECLARATION OF KIMBERLY
LADOCEUR

1        2.    Goodyear is incorporated under the laws of the State of Ohio. Goodyear's

2 principal place of business and headquarters are and always have been in Akron, Ohio

3        3.    In the regular course of business, I am called upon to access a variety of

4 electronic information related to Goodyear's employees across the United States. This information

5 includes addresses, pay rates, job titles, places of work, and hire and separation dates. I regularly

6 view this information as it exists both currently and historically. For example, I can ascertain how

7 many non-exempt employees work in California retail stores currently, including who those

8 employees are. I can also ascertain how many employees worked in California retail stores as of a

9 particular date in the past.

10        4.    Plaintiff Toshiba Johnson worked from on or about January 7, 2011 to on or

11 about January 4, 2013 in a Goodyear California retail store located in San Leandro, as an hourly-paid

12 non-exempt associate. At all times, her address on file with Goodyear was in Fairfield, California.

13 Ms. Johnson worked a weekly pay period and received a wage statement each week listing, among

14 other things, her name, address, hours of work and applicable rates of pay.

15        5.    As of February 28, 2013, the last time I checked, 529 non-exempt associates

16 worked in Goodyear's California retail stores. As of January 11, 2012, 548 non-exempt associates

17 worked in Goodyear's California retail stores.

18        6.    Goodyear currently operates 55 retail stores in California. A Goodyear store

19 in Oxnard closed in November 2012 and another store in Gardena closed in August 2012. The

20 closing of these two stores accounts for the decrease in non-exempt employee headcount reported

21 above.

22        7.    The actual average daily and weekly headcount of non-exempt employees

23 (accounting for normal turnover and the closing of the two stores mentioned above) from January

24 11, 2012, to the present is somewhere between 529 (the minimum) and 548 (the maximum). I have

25 not done the day-by-day analysis necessary to come up with a precise figure in this regard. But I can

26 say with complete confidence that the average daily and weekly headcount of non-exempt

27 employees in California stores was at least 529 for this time period.

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

DECLARATION OF KIMBERLY
LADOUCEUR

2.

8. Non-exempt employees in California are on weekly pay periods, meaning they receive a wage statement / paycheck for every week or partial week worked. The total number of pay periods worked –equal to the total number of wage statements received – by non-exempt California Goodyear employees in a given time period is *at least* 529 (the minimum average headcount) multiplied by the number of weeks within the same time period. I say "at least" because the actual number of wage statements received by the group may increase as turnover increases – because two employees who each work a partial week receive two wage statements (one each), despite the fact that they have (collectively) not worked two whole weeks.

9. I am informed that today's date is approximately 60 weeks from the date one year prior to the date that Plaintiff filed her initial "complaint" with the California Labor and Workforce Development Agency, seeking penalties under the Labor Code Private Attorneys' General Act ("PAGA"): January 11, 2012. Based on the foregoing, I can say with complete confidence that at least 31,740 pay periods or partial pay periods have been worked by Goodyear's non-exempt employees in California retail stores from January 11, 2012, to the present (529 employees per week X 60 weeks = 31,740 pay periods). This number (31,740) is also the low-end figure representing how many wage statements have been issued by Goodyear to its California non-exempt employees during the same time period.

10. Attachment 1 to this Declaration is a chart illustrating the calculations discussed above. This chart was prepared by Goodyear's outside counsel in this lawsuit, and not by me. That said, I have reviewed it and hereby confirm that the figures reported on Attachment 1 indicating (i) non-exempt employee headcount and (ii) number of pay periods worked and wage statements received are consistent with my personal knowledge, based on my review of information contained in Goodyear's internal database, as described above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 7th day of March, 2013 at Akron, Ohio.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

DECLARATION OF KIMBERLY
LADOUCEUR                    3.

1

KIMBERLY LADOUCEUR

2

3    Firmwide:118748120.3 016524.3036

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KIMBERLY
LADOUCEUR                          4.

**ATTACHMENT 1**
**to Declaration of Kimberly Ladouceur**

*Johnson v. Goodyear (Attachment 1 To Ladoueuer Declaration)*

| Minimum Average Daily Headcount During Time Period | Time Period Start (One Year Prior To Plaintiff's Letter To California LWDA) | Time Period End (Date Of Filing Of Defendant's Removal) | Weeks Within Time Period (Equal To Number Of Weekly Pay Periods) | Minimum Pay Periods Worked (Number Of Wage Statements Issued) |
|---|---|---|---|---|
| 529 | 1/11/2012 | 3/7/2013 | 60 | 31,740 |
| **WAGE STATEMENT PENALTIES (COMPLAINT PARA. 39(b))** | **WAGE STATEMENT PENALTIES (COMPLAINT PARA. 39(a))** | **EXPENSE REIMBURSEMENT PENALTIES (COMPLAINT PARA. 39(a))** | | |
| **Labor Code Section 226.3 Penalties Sought ($250 Per Pay Period For Initial Violation)** | **PAGA Penalties For Violation Of Labor Code Section 226(a) Sought ($100 Per Pay Period For Initial Violation Under Section 2699(f)(2) Of PAGA)** | **Maximum PAGA Penalties For Pay Periods In Which A Labor Code Section 2802 Violation Occurred** | **Sum Total Of PAGA Penalties Sought (Excluding Duplicative Expense Reimbursment Penalties And Applying Lower "Initial Violation" Per Pay Period Amounts)** | |
| $7,935,000 | $3,174,000 | $3,174,000 | **$11,109,000** | |

| | |
|---|---|
| *Non-Exempt California Retail Store Headcount As Of 1/11/2012* | *529* |
| *Non-Exempt California Retail Store Headcount As Of 2/28/2013* | *548* |

# EXHIBIT C

# TAB 1

ENDORSED
FILED
ALAMEDA COUNTY

FEB 1 4 2013

CLERK OF THE SUPERIOR COURT
By Barbara LaMotte Deputy

1   KENNETH S. GAINES, ESQ. SBN 049045
    ken@gaineslawfirm.com
2   DANIEL F. GAINES, ESQ. SBN 251488
    daniel@gaineslawfirm.com
3   ALEX P. KATOFSKY, ESQ. SBN 202754
    alex@gaineslawfirm.com
4   GAINES & GAINES, APLC
    21550 Oxnard Street, Suite 980
5   Woodland Hills, CA 91367
    Telephone: (818) 703-8985
6   Facsimile: (818) 703-8984

7   Attorneys for Plaintiff TOSHIBA JOHNSON, on behalf of herself and all others similarly situated,
    and on behalf of the general public, and as an "aggrieved employee" under the Labor Code Private
8   Attorneys General Act of 2004

9

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11               FOR THE COUNTY OF ALAMEDA

Filed By Fax
Alameda County Superior Court

| | |
|---|---|
| 12   TOSHIBA JOHNSON, on behalf of herself and | CASE NO.: RG13665881 |
| 13   all others similarly situated, and on behalf of the general public, and as an "aggrieved employee" | **CLASS ACTION** |
| 14   under the Labor Code Private Attorneys General Act of 2004, *Labor Code § 2698 et seq.*, | **FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:** |
| 15          Plaintiffs, | |
| 16       v. | **1. FAILURE TO REIMBURSE EXPENSES (LABOR CODE § 2802)** |
| 17   THE GOODYEAR TIRE & RUBBER | |
| 18   COMPANY, an Ohio corporation, and DOES 1 through 10, inclusive, | **2. VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200** |
| 19          Defendants. | **3. PENALTIES PURSUANT TO LABOR** |
| 20 | **CODE § 2699(f) FOR VIOLATIONS OF LABOR CODE §§ 226(a), 2802 AND** |
| 21 | **LABOR CODE § 2699(a) FOR VIOLATIONS OF LABOR CODE § 226.3** |
| 22 | **DEMAND FOR JURY TRIAL** |
| 23 | |

24       Plaintiff TOSHIBA JOHNSON ("Johnson" or "Plaintiff"), on behalf of herself and all others

25   similarly situated (the "Class" or "Plaintiff Class"), and on behalf of the general public, and as an

26   "aggrieved employee" under the Labor Code Private Attorneys General Act of 2004, complains of

27   Defendants, and each of them, as follows:

28                            -1-

## I.

## INTRODUCTION

1.      This is a Class Action and Representative Action, pursuant to Code of Civil Procedure § 382 and Labor Code § 2698 *et seq.*, on behalf of Plaintiff and all individuals who are employed by, or were formerly employed by, THE GOODYEAR TIRE AND RUBBER COMPANY, and any subsidiaries or affiliated companies (hereinafter collectively referred to as "Goodyear" or "Defendants") within the State of California.

2.      For at least one year prior to the filing of this action and continuing to the present (the "liability period"), Defendants have had a consistent policy of failing to reimburse their employees for business-related expenses, in violation of *Labor Code* § 2802 and failing to issue their employees accurate wage statements, in violation of *Labor Code* § 226(a).

3.      Plaintiff, on behalf of herself and all current and former employees of Defendants, brings this action pursuant to *Labor Code* § 2698 *et seq.* seeking civil penalties for Defendants' failure to comply with the aforementioned provisions of the California *Labor Code*.

4.      Venue as to each Defendant is proper in this judicial district, pursuant to *Code of Civil Procedure* § 395. Defendants operate within California. The unlawful acts alleged herein occurred in Alameda County, State of California.

## II.

## PARTIES

**A.      Plaintiff**

5.      Plaintiff Toshiba Johnson is a resident of Alameda County, California. At all times relevant herein, she was employed by Defendants as an non-exempt, hourly employee in Alameda County, State of California.

6.      Plaintiff Toshiba Johnson was required to:

   a.      Receive inaccurately itemized wage statements which fail to state her employee identification number or no more than the last four digits of her social security number, in violation of *Labor Code* § 226(a); and

-2-

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

           b.      Incur expenses to perform her job duties, including automobile-related expenses incurred to make bank runs, tool expenses, and work shoe expenses without reimbursement by Defendants and in violation of *Labor Code* § 2802.

**B.   Defendants**

7.   Defendant THE GOODYEAR TIRE AND RUBBER COMPANY is an Ohio corporation doing business in Alameda County, California.   They operate within the State of California.   Defendants employed Plaintiff and similarly situated employees within California.

8.   The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under *Code of Civil Procedure* § 474.   Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.   Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

9.   Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.   Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and current and former employees of Goodyear.

## III.

## CLASS ACTION ALLEGATIONS

10.   Plaintiff brings this action on behalf of herself and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure.   Plaintiff seeks to represent classes composed of and defined as follows:

### CLASS I

All current and former California employees of The Goodyear Tire and Rubber Company who received one or more wage statements at any

-3-

time since the date one (1) year prior to the filing of this action to the present.

## CLASS II

All current and former California employees of the Goodyear Tire and Rubber Company with the job title of "technician" at any time since the date four (4) years prior to filing of this action to the present.

11.     Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

12.     This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.     Numerosity**

13.     The potential members of the proposed Class as defined are so numerous that joinder of all the members of each proposed Class is impracticable.  While the precise number of proposed Plaintiff Class members has not been ascertained at this time, Plaintiff is informed and believes, and based thereon alleges, that Defendants currently employ, and during the relevant time periods employed, over 50 persons in the State of California.

14.     Accounting for employee turnover during the relevant periods necessarily increases this number.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all proposed Plaintiff Class members.  Joinder of all members of the proposed Class is not practicable.

**B.     Commonality**

15.     There are questions of law and fact common to the proposed Class that predominate over any questions affecting only individual class members.  These common questions of law and fact include, without limitation:

-4-

a.      Whether Defendants violated Labor Code § 226(a)(7) by failing to provide employees with accurately itemized wage statements which stated no more than the last four digits of an employees' social security number or fail to state an employee identification number;

b.      Whether Defendants violated *Labor Code* § 2802 by requiring Plaintiff and all employees with the job title of "technician" to incur expenses to perform their job duties, including automobile-related expenses incurred to make bank runs and run errands, tool expense and work boot expense, without reimbursement by Defendants; and

c.      Whether Defendants are liable for penalties pursuant to Labor Code § 2699 *et. seq.*

## C.      Typicality

16.     The claims of the named Plaintiff are typical of the claims of each proposed Class. Plaintiff and all members of the proposed Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

## D.      Adequacy of Representation

17.     Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Class. Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

## E.      Superiority of Class Action

18.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Plaintiff Class members is not practicable, and questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendants' illegal policies and practices.

\\

-5-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

19.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**IV.**

**FIRST CAUSE OF ACTION**

**PLAINTIFF AND CLASS II AGAINST ALL DEFENDANTS**

**FAILURE TO REIMBURSE EXPENSES (LABOR CODE § 2802)**

20.    Plaintiff incorporates paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21.    Pursuant to *California Labor Code* § 2802, Defendants are required to fully reimburse Plaintiff and Class II Plaintiffs for all out-of-pocket expenses incurred by them in the performance of their job duties.

22.    During the four (4) year period preceding the filing of this Complaint, Plaintiff and Class II Plaintiffs have been required to personally incur and pay for expenses in the discharge of their employment duties, all without reimbursement from Defendants.  These expenses include, but are not limited to, automobile expenses for bank runs and other errands, tool expenses, and work boot expenses.

23.    As a proximate result of the aforementioned violations, Plaintiff and members of Class II have been damaged in an amount according to proof at the time of trial.

24.    Pursuant to *Labor Code* § 2802, Plaintiff and members of Class II are entitled to recover from Defendants the full amount of the expenses they incurred in the performance of their job duties, plus interest, reasonable attorney's fees, and costs of suit.

Wherefore, Plaintiff and the Class she seeks to represent requests relief as described below.

\\

\\

\\

-6-

# V.

## SECOND CAUSE OF ACTION

### PLAINTIFF AND CLASS II AGAINST ALL DEFENDANTS

### UNFAIR COMPETITION PURSUANT TO

### BUSINESS & PROFESSIONS CODE § 17200

25.    Plaintiff incorporates paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26.    This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices.  Plaintiff Toshiba Johnson, on her own behalf and on behalf of the general public, and on behalf of others similarly situated, brings this claim pursuant to *Business & Professions Code* § 17200, et seq.  The conduct of all Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the proposed Class.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of *Code of Civil Procedure* § 1021.5.

27.    Plaintiff is a "person" within the meaning of *Business & Professions Code* § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

28.    *Business & Profession Code* § 17200 *et. seq.* prohibits unlawful and unfair business practices.

29.    Wage and hour laws express fundamental public policies.  Providing employees with full expense reimbursement is a fundamental public policy of this State and of the United States. *Labor Code* § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

30.    Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants, and each of them, have acted contrary to these public policies, have

-7-

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of *Business & Professions Code* § 17200, *et seq.* depriving Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

31. Defendants' conduct, as alleged herein, constitutes unfair competition in violation of §17200 et. seq. of the *Business & Professions Code*.

32. Defendants, by failing to reimburse employees for all expenses incurred in the performance of their job duties, either knew or in the exercise of reasonable care should have known that the conduct was unlawful. As such, it is a violation of § 17200 et. seq. of *the Business & Professions Code*.

33. As a proximate result of the above-mentioned acts of Defendants, Plaintiff and others similarly situated have been damaged in a sum as may be proven.

34. Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct as alleged above. Pursuant to *Business & Professions Code*, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by Defendants, their agents, or employees, of any unlawful or deceptive practice prohibited by the *Business & Professions Code*, and/or, including but not limited to, disgorgement of profits which may be necessary to restore Plaintiff and the proposed Plaintiff Class members to the money Defendants have unlawfully failed to pay.

## VI.

### THIRD CAUSE OF ACTION

### PLAINTIFF, CLASS I, AND CLASS II AGAINST ALL DEFENDANTS

### PENALTIES PURSUANT TO LABOR CODE § 2699(f) FOR VIOLATIONS OF

### LABOR CODE §§ 226(a), 2802 and LABOR CODE § 2699(a) FOR VIOLATIONS OF

### LABOR CODE § 226.3

35. Plaintiff incorporates paragraphs 1 through 34 of this Complaint as though fully set forth herein.

-8-

36.     Section 226(a) of the *California Labor Code* requires Defendants to itemize in wage statements, among other things, all wages earned and to accurately report total hours worked and all applicable rates of pay for Plaintiff and all other employees.  Defendants have failed to comply with *Labor Code* § 226(a) by failing, among other things, to state no more than the last four digits of the employees' social security number or an employee identification number.  As a result, the wage statements issued to Plaintiff and other current and former employees violate *Labor Code* § 226(a).

37.     Pursuant to *California Labor Code* § 2802, Defendants are required to fully reimburse Plaintiff and current and former employees for all out-of-pocket expenses incurred by them in the performance of their job duties.  For no less than four (4) years preceding the filing of this Complaint, Plaintiff and current and former employees have been required to personally incur and pay for expenses in the discharge of their employment duties, all without reimbursement from Defendants.  These expenses include, but are not limited to, automobile related expenses incurred in making trips to the bank for Defendant and other errands, and purchasing work tools and work boots.

38.     As a result of the allegations set forth above, Plaintiff seeks penalties under *Labor Code* § 2698 *et seq.* because of Defendants' violation of *Labor Code* § 226(a), 226.3, and 2802.

39.     For each such violation, Plaintiff and all current and former employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

    a.     With respect to the violation of Labor Code § 2699(f) for violations of Labor Code §§ 226(a) and 2802, $100 for the initial violation per employee per pay period and $200 for each subsequent violation per employee per pay period.

    b.     With respect to the violation of Labor Code § 2699(a) for violations of Labor Code § 226.3, the civil penalties as provided for in Labor Code § 226.3.

\\

-9-

40.    These penalties will be allocated 75% to the Labor Workforce Development Agency, and 25% to the affected employees.

41.    On January 11, 2013, Plaintiff sent a letter, by certified mail, return receipt requested, to the LWDA and Defendants, setting forth the facts and theories of the *Labor Code* violations alleged against Defendants, as prescribed by the *Labor Code* § 2698 *et. seq.*  Pursuant to *Labor Code* § 2699.3(a)(2)(A), no notice was received by Plaintiff from the LWDA within thirty-three (33) calendar days of January 11, 2013.  Plaintiff may therefore commence this action to seek penalties pursuant to *Labor Code* § 2699 *et. seq.*

Wherefore, Plaintiff requests relief as described below.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1.    For compensatory damages in the amount of all business expenses incurred by members of Class II, but not reimbursed by Defendants, pursuant to *Labor Code* § 2802;

2.    For penalties and other relief pursuant to *Labor Code* § 2698 et. seq.;

3.    An award providing for payment of costs of suit;

4.    An award of attorneys' fees; and

5.    Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

DATED: February 14, 2013                    Respectfully submitted,

                                            GAINES & GAINES
                                            A Professional Law Corporation


                                            By:
                                               DANIEL F. GAINES
                                               Attorney for Plaintiff

-10-

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

# TAB 2



A PROFESSIONAL LAW CORPORATION

21550 OXNARD STREET
SUITE 980
WOODLAND HILLS, CALIFORNIA 91367

KENNETH S. GAINES, ESQ.
ken@gaineslawfirm.com
DANIEL F. GAINES, ESQ.
daniel@gaineslawfirm.com

TELEPHONE (818) 703-8985
FAX (818) 703-8984

January 11, 2013

*Via Certified Mail*

Labor & Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814          LWDA mailed certified # 70120470000178523164

Defendant The Goodyear Tire & Rubber Company
1144 East Market St.
Akron, OH 44316          Defendant mailed certified # 70120470000178523171

Defendant's Agent for Service of Process:
CSC-Lawyers Incorporating Service
2710 Gateway Oaks Dr., Suite 150N
Sacramento, CA 95833          Agent mailed certified # 70120470000178523157

Re:     ***The Goodyear Tire & Rubber Company***
         ***California Labor Code Violations***
         ***Compliance Letter of California Labor Code § 2698 et. seq.***

Dear LWDA:

This office represents a former California employee of The Goodyear Tire & Rubber Company ("Goodyear") in connection with her claims for violations of the California Labor Code. The purpose of this letter is to comply with the Private Attorneys General Act of 2004, pursuant to California Labor Code § 2698 *et. seq.*

Our client was formerly employed as a non-exempt, hourly employee at a Goodyear retail store in San Leandro, California. We allege the following violations on behalf of our client and classes of current and former California employees of Goodyear.

On behalf of our client and all similarly situated employees, we allege that Goodyear regularly requires its California employees to use their personal vehicles to run errands, including bank runs, but does not reimburse its employees for their automobile related costs. This violates *Labor Code* § 2802.

Labor & Workforce Development Agency
The Goodyear Tire & Rubber Company
CSC-Lawyers Incorporating Service
January 11, 2013
Page 2

Further, we allege that Goodyear regularly requires its California employees, including our client, to purchase their own tools and equipment to perform their job duties, but does not reimburse its employees for these expenses. These expenses include, but are not limited to, steel-toe and slip-resistant boots, mechanics tools, tool boxes, etc. This further violates Labor Code § 2802.

Based on the claims of our client, it is alleged that all California employees of Goodyear in California are issued wage statements which do not comply with Labor Code § 226(a) because they fail to contain all of the information required by this section. Specifically, the wage statements do not list the employees' last four digits of their social security number or an employee identification number, in violation of Labor Code § 226(a)(7). Moreover, some wage statements issued to plaintiff and other California employees do not set forth all hourly rates in effect during the applicable pay period–specifically, the overtime rate–in violation of Labor Code § 226(a)(9) These omissions violate Labor Code § 226(a).

Our office awaits your response.

Very truly yours,

GAINES & GAINES
A Professional Law Corporation

By: _____
    EVAN S. GAINES


*11088724*

1 | KENNETH S. GAINES, ESQ. SBN 049045
ken@gaineslawfirm.com
2 | DANIEL F. GAINES, ESQ. SBN 251488
daniel@gaineslawfirm.com
3 | ALEX P. KATOFSKY, ESQ. SBN 202754
alex@gaineslawfirm.com
4 | **GAINES & GAINES, APLC**
21550 Oxnard Street, Suite 980
5 | Woodland Hills, CA 91367
Telephone: (818) 703-8985
6 | Facsimile: (818) 703-8984

**FILED**
ALAMEDA COUNTY

FEB 1 2013

By _____
Exec. Off./Clerk

7 | Attorneys for Plaintiff TOSHIBA JOHNSON, on behalf of herself and all others similarly situated, and on behalf of the general public, and as an "aggrieved employee" under the Labor Code Private
8 | Attorneys General Act of 2004

9 | ### SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | ### FOR THE COUNTY OF ALAMEDA

11 | **Filed By Fax**

12 | TOSHIBA JOHNSON, on behalf of herself and all others similarly situated, and on behalf of the
13 | general public, and as an "aggrieved employee" under the Labor Code Private Attorneys General
14 | Act of 2004,

CASE NO.: **R G 1 3 6 6 5 8 8 1** River City Process Service

*Assigned for all Purposes to Hon.*

15 | Plaintiffs,

**CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:**

16 | v.

**1. FAILURE TO REIMBURSE EXPENSES (LABOR CODE § 2802)**

17 | THE GOODYEAR TIRE & RUBBER
18 | COMPANY, an Ohio corporation, and DOES 1 through 10, inclusive,

**2. VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200**

19 | Defendants.

**DEMAND FOR JURY TRIAL**

20

21

22

23

24

25

26

27

28 | -1-

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

1    Plaintiff TOSHIBA JOHNSON ("Johnson" or "Plaintiff"), on behalf of herself and all others

2    similarly situated (the "Class" or "Plaintiff Class"), and on behalf of the general public, and as an

3    "aggrieved employee" under the Labor Code Private Attorneys General Act of 2004, complains of

4    Defendants, and each of them, as follows:

5
## I.

6
## INTRODUCTION

7    1.    This is a Class and Representative Action, pursuant to Code of Civil Procedure § 382,

8    on behalf of Plaintiff and all individuals who are employed by, or were formerly employed by, THE

9    GOODYEAR TIRE AND RUBBER COMPANY, and any subsidiaries or affiliated companies

10    (hereinafter collectively referred to as "Goodyear" or "Defendants") within the State of California.

11    2.    For at least one year prior to the filing of this action and continuing to the present (the

12    "liability period"), Defendants have had a consistent policy of failing to reimburse their employees

13    for business-related expenses, in violation of *Labor Code* § 2802 and failing to issue their employees

14    accurate wage statements, in violation of *Labor Code* § 226(a).

15    3.    Venue as to each Defendant is proper in this judicial district, pursuant to *Code of Civil*

16    *Procedure* § 395. Defendants operate within California. The unlawful acts alleged herein occurred

17    in Alameda County, State of California.

18
## II.

19
## PARTIES

20    **A.**    **Plaintiff**

21    4.    Plaintiff Toshiba Johnson is a resident of Alameda County, California. At all times

22    relevant herein, she was employed by Defendants as an non-exempt, hourly employee in Alameda

23    County, State of California.

24    5.    Plaintiff Toshiba Johnson was required to:

25    a.    Receive inaccurately itemized wage statements which fail to state her

26    employee identification number or no more than the last four digits of her

27    social security number, in violation of *Labor Code* § 226(a); and

28    -2-

---

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

b.    Incur expenses to perform her job duties, including automobile-related expenses incurred to make bank runs, tool expenses, and work shoe expenses without reimbursement by Defendants and in violation of *Labor Code* § 2802.

**B.    Defendants**

6.    Defendant THE GOODYEAR TIRE AND RUBBER COMPANY is an Ohio corporation doing business in Alameda County, California. They operate within the State of California. Defendants employed Plaintiff and similarly situated employees within California.

7.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under *Code of Civil Procedure* § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

8.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and current and former employees of Goodyear.

//

//

//

/

//

//

//

//

-3-

---

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

III.

## CLASS ACTION ALLEGATIONS

9.    Plaintiff brings this action on behalf of herself and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure.  Plaintiff seeks to represent classes composed of and defined as follows:

### CLASS I

> All current and former California employees of The Goodyear Tire
>
> and Rubber Company who received one or more wage statements at
>
> any time since the date one (1) year prior to the filing of this action
>
> to the present.

### CLASS II

> All current and former California employees of the Goodyear Tire
>
> and Rubber Company with the job title of "technician" at any time
>
> since the date four (4) years prior to filing of this action to the
>
> present.

10.    Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

11.    This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A.    **Numerosity**

12.    The potential members of the proposed Class as defined are so numerous that joinder of all the members of each proposed Class is impracticable.  While the precise number of proposed Plaintiff Class members has not been ascertained at this time, Plaintiff is informed and believes, and based thereon alleges, that Defendants currently employ, and during the relevant time periods employed, over 50 persons in the State of California.

-4-

CLASS AND REPRESENTATIVE ACTION COMPLAINT

1    13.    Accounting for employee turnover during the relevant periods necessarily increases

2  this number. Plaintiff alleges Defendants' employment records would provide information as to

3  the number and location of all proposed Plaintiff Class members. Joinder of all members of the

4  proposed Class is not practicable.

5  **B.**    **Commonality**

6    14.    There are questions of law and fact common to the proposed Class that predominate

7  over any questions affecting only individual class members. These common questions of law and

8  fact include, without limitation:

9          a.    Whether Defendants violated Labor Code § 226(a)(7) by failing to provide

10             employees with accurately itemized wage statements which stated no more

11             than the last four digits of an employees' social security number or fail to

12             state an employee identification number;

13          b.    Whether Defendants violated *Labor Code* § 2802 by requiring Plaintiff and

14             all employees with the job title of "technician" to incur expenses to perform

15             their job duties, including automobile-related expenses incurred to make

16             bank runs and run errands, tool expense and work boot expense, without

17             reimbursement by Defendants; and

18  **C.**    **Typicality**

19    15.    The claims of the named Plaintiff are typical of the claims of each proposed Class.

20  Plaintiff and all members of the proposed Class sustained injuries and damages arising out of and

21  caused by Defendants' common course of conduct in violation of laws, regulations that have the

22  force and effect of law, and statutes as alleged herein.

23  **D.**    **Adequacy of Representation**

24    16.    Plaintiff will fairly and adequately represent and protect the interests of the

25  members of the proposed Class. Counsel who represents Plaintiff is competent and experienced in

26  litigating large employment class actions.

27  //

28                        -5-

1    **E.**    **Superiority of Class Action**

2       17.    A class action is superior to other available means for the fair and efficient

3 adjudication of this controversy. Individual joinder of all proposed Plaintiff Class members is not

4 practicable, and questions of law and fact common to the proposed Class predominate over any

5 questions affecting only individual members of the proposed Class. Each member of the proposed

6 Class has been damaged and is entitled to recovery by reason of Defendants' illegal policies and

7 practices.

8       18.    Class action treatment will allow those similarly situated persons to litigate their

9 claims in the manner that is most efficient and economical for the parties and the judicial system.

10 Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

11 action that would preclude its maintenance as a class action.

12 **IV.**

13 **FIRST CAUSE OF ACTION**

14 **PLAINTIFF AND CLASS II AGAINST ALL DEFENDANTS**

15 **FAILURE TO REIMBURSE EXPENSES (LABOR CODE § 2802)**

16       19.    Plaintiff incorporates paragraphs 1 through 18 of this Complaint as though fully set

17 forth herein.

18       20.    Pursuant to *California Labor Code* § 2802, Defendants are required to fully

19 reimburse Plaintiff and Class II Plaintiffs for all out-of-pocket expenses incurred by them in the

20 performance of their job duties.

21       21.    During the four (4) year period preceding the filing of this Complaint, Plaintiff and

22 Class II Plaintiffs have been required to personally incur and pay for expenses in the discharge of

23 their employment duties, all without reimbursement from Defendants. These expenses include,

24 but are not limited to, automobile expenses for bank runs and other errands, tool expenses, and

25 work boot expenses.

26       22.    As a proximate result of the aforementioned violations, Plaintiff and members of

27 Class II have been damaged in an amount according to proof at the time of trial.

28 -6-

CLASS AND REPRESENTATIVE ACTION COMPLAINT

23.     Pursuant to *Labor Code* § 2802, Plaintiff and members of Class II are entitled to recover from Defendants the full amount of the expenses they incurred in the performance of their job duties, plus interest, reasonable attorney's fees, and costs of suit.

Wherefore, Plaintiff and the Class she seeks to represent requests relief as described below.

## V.

## SECOND CAUSE OF ACTION

## PLAINTIFF AND CLASS II AGAINST ALL DEFENDANTS

## UNFAIR COMPETITION PURSUANT TO

## BUSINESS & PROFESSIONS CODE § 17200

24.     Plaintiff incorporates paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25.     This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices. Plaintiff Toshiba Johnson, on her own behalf and on behalf of the general public, and on behalf of others similarly situated, brings this claim pursuant to *Business & Professions Code* § 17200, et seq. The conduct of all Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the proposed Class. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of *Code of Civil Procedure* § 1021.5.

26.     Plaintiff is a "person" within the meaning of *Business & Professions Code* § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

27.     *Business & Profession Code* § 17200 *et. seq.* prohibits unlawful and unfair business practices.

28.     Wage and hour laws express fundamental public policies. Providing employees with full expense reimbursement is a fundamental public policy of this State and of the United States. *Labor Code* § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under

-7-

1  substandard and unlawful conditions, and to protect law-abiding employers and their employees

2  from competitors who lower their costs by failing to comply with minimum labor standards.

3      29.    Defendants have violated statutes and public policies. Through the conduct alleged

4  in this Complaint, Defendants, and each of them, have acted contrary to these public policies, have

5  violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair

6  business practices in violation of *Business & Professions Code* § 17200, *et seq.* depriving Plaintiff,

7  and all persons similarly situated, and all interested persons of rights, benefits, and privileges

8  guaranteed to all employees under law.

9      30.    Defendants' conduct, as alleged herein, constitutes unfair competition in violation

10 of §17200 et. seq. of the *Business & Professions Code*.

11     31.    Defendants, by failing to reimburse employees for all expenses incurred in the

12 performance of their job duties, either knew or in the exercise of reasonable care should have

13 known that the conduct was unlawful. As such, it is a violation of § 17200 et. seq. of *the Business*

14 *& Professions Code*.

15     32.    As a proximate result of the above-mentioned acts of Defendants, Plaintiff and

16 others similarly situated have been damaged in a sum as may be proven.

17     33.    Unless restrained by this Court, Defendants will continue to engage in the unlawful

18 conduct as alleged above. Pursuant to *Business & Professions Code*, this Court should make such

19 orders or judgments, including the appointment of a receiver, as may be necessary to prevent the

20 use or employment, by Defendants, their agents, or employees, of any unlawful or deceptive

21 practice prohibited by the *Business & Professions Code*, and/or, including but not limited to,

22 disgorgement of profits which may be necessary to restore Plaintiff and the proposed Plaintiff

23 Class members to the money Defendants have unlawfully failed to pay.

24     34.    Wherefore, Plaintiff and the Class she seeks to represent requests relief as described

25 below.

26 //

27 //

28                              -8-

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory damages in the amount of all business expenses incurred by members of Class II, but not reimbursed by Defendants, pursuant to *Labor Code* § 2802;

2. An award providing for payment of costs of suit;

3. An award of attorneys' fees; and

4. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

DATED: February 1, 2013

Respectfully submitted,

GAINES & GAINES
A Professional Law Corporation

By: _____
DANIEL F. GAINES
Attorney for Plaintiff

CLASS AND REPRESENTATIVE ACTION COMPLAINT

Case3:13-cv-01089-MMC   Document1   Filed03/08/13   Page46 of 55



*11088728*

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** THE GOODYEAR TIRE & RUBBER
*(AVISO AL DEMANDADO):* COMPANY, an Ohio corporation, and
DOES 1 through 10, inclusive,



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
ALAMEDA COUNTY

FEB 11 2013

Exec. Off/Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** TOSHIBA JOHNSON, on behalf
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* of herself and all
others similarly situated, and on behalf of the general
public, and as an "aggrieved employee" under the Labor
Code Private Attorneys General Act of 2004

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California<br>1225 Fallon Street<br>Oakland, CA 94612 | **CASE NUMBER:**<br>*(Número del Caso):*<br>RG13665881 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel F. Gaines, Esq. (SBN 251488)      (818) 703-8985  (818) 703-8984
Gaines & Gaines, APLW
21550 Oxnard Street, Suite 980
Woodland Hills, CA 91367

DATE: FEB - 1 2013                    Pat Sweeten      Clerk, by _____, Deputy
*(Fecha)*                                  *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal<br>Solutions<br>Plus |

Code of Civil Procedure §§ 412.20, 465



*11088732*

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Daniel F. Gaines, Esq. (SBN 251488)
Gaines & Gaines, APLC
21550 Oxnard Street, Suite 980

Woodland Hills, CA  91367
TELEPHONE NO.: (818) 703-8985   FAX NO.: (818) 703-8984
ATTORNEY FOR *(Name):* Toshiba Johnson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA  94612
BRANCH NAME: Rene C. Davidson Courthouse

**FILED**
ALAMEDA COUNTY

FEB 1 2013

Exec. Off/Clerk

| CASE NAME: Toshiba Johnson v. The Goodyear Tire & Rubber Company, et al. | |
|---|---|

| **CIVIL CASE: COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | RG13665881  JUDGE:  DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Two
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2/1/2013
Daniel F. Gaines, Esq. (SBN 251488)
(TYPE OR PRINT NAME)

*Daniel F. Gaines*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal Solutions ®Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|

*Filed By Fax*
*River City Process Service*

CIV-130

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Alex P. Katofsky, Esq. (SBN 202754)<br>Gaines & Gaines, APLC<br>21550 Oxnard Street, Suite 980<br>Woodland Hills, CA  91367<br>  TELEPHONE NO.: (818) 703-8985   FAX NO. (Optional): (818) 703-8984<br>  E-MAIL ADDRESS (Optional): alex@gaineslawfirm.com<br>  ATTORNEY FOR (Name): Toshiba Johnson | **FOR COURT USE ONLY**<br><br>**FILED**<br>ALAMEDA COUNTY<br><br>FEB - 8 2013<br><br>CLERK OF THE SUPERIOR COURT<br><br>_____ Deputy |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>  STREET ADDRESS: 1225 Fallon Street<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE: Oakland, CA  94612<br>  BRANCH NAME: Rene C. Davidson Courthouse |

| |
|---|
| PLAINTIFF/PETITIONER: TOSHIBA JOHNSON |
| DEFENDANT/RESPONDENT: THE GOODYEAR TIRE & RUBBER COMPANY |

| | |
|---|---|
| **NOTICE OF ENTRY OF JUDGMENT<br>OR ORDER**<br><br>(Check one):   [x] **UNLIMITED CASE**   [ ] **LIMITED CASE**<br>                  (Amount demanded         (Amount demanded was<br>                  exceeded $25,000)         $25,000 or less) | CASE NUMBER:<br><br>RG13665881 |

**TO ALL PARTIES :**

1. A judgment, decree, or order was entered in this action on *(date):* 02/04/13

2. A copy of the judgment, decree, or order is attached to this notice.

Date: 2/7/2013

Alex P. Katofsky, Esq.
(TYPE OR PRINT NAME OF   [X] ATTORNEY   [ ] PARTY WITHOUT ATTORNEY)

▶ _Alex P. Katofsky_
                                              (SIGNATURE)



Form Approved for Optional Use<br>Judicial Council of California<br>CIV-130 [New January 1, 2010]       **NOTICE OF ENTRY OF JUDGMENT OR ORDER**       Legal
Solutions
Plus

**CIV-130**

| PLAINTIFF/PETITIONER: TOSHIBA JOHNSON | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: THE GOODYEAR TIRE & RUBBER COMPANY | RG13665881 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

   21550 Oxnard Street, Suite 980, Woodland Hills, CA  91367

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. [x] deposited the sealed envelope with the United States Postal Service.

   b. [ ] placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

   a. on *(date):* 2/7/2013

   b. from *(city and state):* Woodland Hills, California

4. The envelope was addressed and mailed as follows:

   a. Name of person served: CSC-Lawyers Incorporating Service
      Street address: 2710 Gateway Oaks Dr. 150N
      City: Sacramento
      State and zip code: California 95833

   c. Name of person served:
      Street address:
      City:
      State and zip code:

   b. Name of person served:
      Street address:
      City:
      State and zip code:

   d. Name of person served:
      Street address:
      City:
      State and zip code:

   [ ] Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached 2____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2/7/2013

Carole Thompson
(TYPE OR PRINT NAME OF DECLARANT)

► *Carole Thomps* /
(SIGNATURE OF DECLARANT)

Gaines & Gaines, ESQ
Attn: Gaines, Daniel F.
21550 Oxnard Street
Suite 980
Woodland Hills, CA   91367

The Goodyear Tire & Rubber
Company

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Johnson                          Plaintiff/Petitioner(s)<br>VS.<br><br>The Goodyear Tire & Rubber Company<br>                    Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG13665881<br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 03/12/2013   TIME: 08:45 AM   DEPARTMENT: 21
LOCATION: Administration Building, Fourth Floor
                1221 Oak Street, Oakland

Case Management Conference:
DATE: 04/12/2013   TIME: 08:30 AM   DEPARTMENT: 21
LOCATION: Administration Building, Fourth Floor
                1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 21 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6937. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 21.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by emailing them to the following address:

EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information,

go to **Direct Calendar Departments** at http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 21.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 21 by e-mail at Dept.21@alameda.courts.ca.gov or by phone at (510) 267-6937.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 02/04/2013

Executive Officer / Clerk of the Superior Court

By _Cheryl Clark_

Digital

Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/04/2013.

By _Cheryl Clark_

Digital

Deputy Clerk

*11198551*    :10

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
DANIEL F. GAINES (Bar#: 251488)
GAINES & GAINES, A PROFESSIONAL LAW CORPORATION
21550 OXNARD STREET, SUITE 980
WOODLAND HILLS, CA 91367
  TELEPHONE NO.: 818-703-8985    FAX NO. *(Optional):* 818-703-8984
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

**FOR COURT USE ONLY**

F I L E D
ALAMEDA COUNTY

FEB 11 2013

CLERK OF THE SUPERIOR COURT
By *Wagner A. Dan*
          DEPUTY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA**
  STREET ADDRESS:  1225 FALLON STREET
  MAILING ADDRESS:  SAME
  CITY AND ZIP CODE:  OAKLAND, CA 94612
  BRANCH NAME:

**PLAINTIFF/PETITIONER:** TOSHIBA JOHNSON, ET AL.,

**DEFENDANT/RESPONDENT:** THE GOODYEAR TIRE & RUBBER COMPANY, AN OHIO CORPORATION, ET AL.,

**CASE NUMBER:**
RG13665881

**PROOF OF SERVICE OF SUMMONS**

**Ref. No.or File No.:**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☒ summons

   b. ☒ complaint

   c. ☒ Alternative Dispute Resolution (ADR) package

   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ cross-complaint

   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*

   THE GOODYEAR TIRE & RUBBER COMPANY, AN OHIO CORPORATION

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   CSC LAWYERS INC., AGENT FOR SERVICE, BY SERVING BECKY DEGEORGE

4. Address where the party was served:    2710 GATEWAY OAKS, #150N
                                          Sacramento, CA 95833

5. I served the party *(check proper box)*

   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 02/04/2013    (2) at *(time):*  03:40 PM

   b. ☐ **by substituted service.** On *(date):*         at *(time):*       I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*       from *(city):*       or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.



Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

American LegalNet, Inc.
www.FormsWorkflow.com

| PLAINTIFF/PETITIONER: TOSHIBA JOHNSON, ET AL., | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: THE GOODYEAR TIRE & RUBBER COMPANY, AN OHIO CORPORATION ET AL. | RG13665881 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1)  on *(date):*                                (2)  from *(city):*

   (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4)  ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section):*

   ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☐  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify):*
   c.  ☐  as occupant.
   d.  ☒  On behalf of *(specify):* THE GOODYEAR TIRE & RUBBER COMPANY, AN OHIO CORPORATION
       under the following Code of Civil Procedure section:

   ☒  416.10 (corporation)            ☐  415.95 (business organization, form unknown)
   ☐  416.20 (defunct corporation)    ☐  416.60 (minor)
   ☐  416.30 (joint stock company/association)  ☐  416.70 (ward or conservatee)
   ☐  416.40 (association or partnership)  ☐  416.90 (authorized person)
   ☐  416.50 (public entity)          ☐  415.46 (occupant)
                                      ☐  other:

7.  **Person who served papers**
   a.  Name:  JOHN E. ARNOLD (C.C.P.S.)
   b.  Address:  901 H STREET, SACRAMENTO, CA 95814          River City Process Service, Inc.
   c.  Telephone number:  916.446-2051
   d.  The fee for service was: $35.00
   e.  I am:
       (1)  ☐  not a registered California process server.
       (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
       (3)  ☒  a registered California process server:
            (i)   ☒  owner  ☐  employee  ☐  independent contractor.
            (ii)  Registration No.:  09-29
            (iii) County:  SACRAMENTO

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  **02/08/2013**


**JOHN E. ARNOLD (C.C.P.S.)**                                          ▶ _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                        (SIGNATURE )

# EXHIBIT D

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel F. Gaines, Esq. (SBN 251488)<br>Gaines & Gaines, APLC<br>21550 Oxnard Street, Suite 980<br><br>Woodland Hills, CA 91367<br>TELEPHONE NO.: (818) 703-8985  FAX NO. *(Optional):* (818) 703-8984<br>E-MAIL ADDRESS *(Optional):* daniel@gaineslawfirm.com<br>ATTORNEY FOR *(Name):* Toshiba Johnson | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: TOSHIBA JOHNSON

DEFENDANT/RESPONDENT: THE GOODYEAR TIRE & RUBBER COMPANY

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>RG 13665881 |
|---|---|

TO *(insert name of party being served):* <u>The Goodyear Tire and Rubber Company, an Ohio corporation</u>

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: Monday, March 04, 2013

Carole Thompson
(TYPE OR PRINT NAME)

► *Carole Thompson*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other: *(specify):* FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

*(To be completed by recipient):*
Date this form is signed: March 6, 2013

Joshua D. Kienitz, Esq.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Attorney for defendant The Goodyear Tire and Rubber Company, an Ohio corporation

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Legal
Solutions
Plus

Code of Civil Procedure,
§§ 415.30, 417.10