1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

11  TOSHIBA JOHNSON, on behalf of herself          CASE NO.: 3:13-cv-01069-MMC
    and all others similarly situated, and on behalf
12  of the general public, and as an "aggrieved         **CLASS ACTION**
    employee" under the Labor Code Private
13  Attorneys General Act of 2004,                      **[AMENDED PROPOSED] ORDER
                                                        GRANTING PRELIMINARY APPROVAL
14                Plaintiffs,                           OF CLASS ACTION SETTLEMENT,
                                                        CONDITIONALLY CERTIFYING A
15        v.                                            SETTLEMENT CLASS, APPROVING
                                                        FORM OF NOTICE TO THE CLASS AND
16  THE GOODYEAR TIRE & RUBBER                          SETTING HEARING ON FINAL
    COMPANY, an Ohio corporation, and DOES             APPROVAL OF SETTLEMENT**
17  1 through 10, inclusive,
                                                        **DATE: November 22, 2013**
18                Defendants.                           **TIME: 9:30 a.m.**
                                                        **COURTROOM: 7 – 19th Floor**
19                                                      **JUDGE: Hon. Maxine M. Chesney**

20

21

22

23

24

25

26

27

28

On November 22, 2013, at 9:30 a.m., the Court, the Honorable Maxine M. Chesney presiding, conducted a hearing regarding the motion brought by Plaintiff Toshiba Johnson ("Class Representative") for Preliminary Approval of Class Action Settlement, Conditionally Certifying a Settlement Class, Approving Form of Notice to the Class, and Setting Hearing on Final Approval of Settlement.  The parties appeared by and through their respective counsel of record.

After considering the papers and the arguments of counsel, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      For purposes of this Order, the Court adopts and incorporates all definitions set forth in the Joint Stipulation of Settlement and Release ("Settlement Agreement").

2.      The Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and other laws and rules applicable to preliminary settlement approval of class actions have been satisfied, and the Court preliminarily approves the settlement of this Action as memorialized in the Settlement Agreement, which is incorporated herein by this reference, as being fair, just, reasonable and adequate to the Settlement Class and its members, subject to further consideration at the Final Fairness and Approval Hearing described below.  Based on a review of the papers submitted, the Court finds that the Settlement is the result of extensive arms-length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of those claims, is recommended by Class Counsel, and is thus presumptively valid, subject only to any objections that may be raised at the final fairness hearing and final approval by this Court.  The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the Settlement is non-collusive. The Court thus hereby:

(a) Conditionally certifies solely for the purpose of implementing the Settlement Agreement the Class defined in the Settlement Agreement;

(b) Appoints Plaintiff Toshiba Johnson as the representative of the Class; and

(c) Appoints Gaines & Gaines, APLC as attorneys for the Class for purposes of settlement and finds for the purposes of settlement that these attorneys are qualified to represent the Class.

3.      It is ordered that the Class defined in the Settlement Agreement is preliminarily certified for settlement purposes only.  If the Settlement does not become final for any reason, the fact that the Parties were willing to stipulate to class action certification as part of the Settlement shall have no bearing on, and will not be admissible in connection with, the issue of whether a class in this action should be certified in a non-settlement context.  The Court's findings are solely for purposes of conditionally certifying a Settlement Class and will not have any claim or issue or evidentiary preclusion or estoppel effect in any other action against the Defendant, or in this litigation if the Settlement is not finally approved.

4.      A hearing (the "Final Fairness and Approval Hearing") shall be held on March 21, 2014, at 9:00 a.m. before the Honorable Maxine M. Chesney, in Courtroom 7 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102.  At that time, the Court shall determine: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, just, reasonable and adequate and should be finally approved; (b) whether judgment as provided in the Settlement Agreement should be entered herein; and (c) whether to approve Class Counsel's application for an award of attorneys' fees and costs, Plaintiff's application for a service enhancement payment, and Plaintiff's request for payment of expenses to the Claims Administrator.  The Court may continue or adjourn the Final Fairness and Approval Hearing without further notice to members of the Class.

5.      The Court approves, as to form and content, the Class Notice attached to this Order as Exhibit 1 and the Claim Form attached to this Order as Exhibit 2.  The Court finds that distribution of the Class Notice in the manner set forth in this Order and the Settlement Agreement constitutes the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all members of the Class, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable laws.  The Class Notice set forth herein and in the Settlement Agreement provides a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and thereby meets the requirements of Rule 23(c)(2) of

1   the Federal Rules of Civil Procedure, as well as due process under the United States Constitution

2   and any other applicable law, and shall constitute due and sufficient notice to all Class Members

3   entitled thereto.

4          6.     The Court approves the selection of Simpluris, Inc. as the Claims Administrator.

5   The Claims Administrator will administer the applicable provisions of the Settlement Agreement,

6   including, but not limited to, distributing and providing the Class Notice, calculating claims

7   against the Settlement Amount, preparing and issuing all disbursements of the Settlement Amount

8   to Qualified Claimants, and handling inquiries about the calculation of the individual Settlement

9   Amounts.

10         7.     No later than December 12, 2013, Defendant shall provide the Claims

11   Administrator with the names, addresses, telephone numbers, Social Security Numbers, and total

12   Qualifying Pay Periods for members of the Class.

13         8.     No later than December 23, 2013, the Claims Administrator shall mail the Class

14   Notice and Claim Form to Class Members.

15         9.     To be valid, Class members must submit a fully completed and signed Claim Form

16   to the Claims Administrator, postmarked no later than February 21, 2014.

17        10.    Any person may request to be excluded from the Class by mailing a request for

18   exclusion by first class mail to the Claims Administrator, as provided in the Class Notice.  Any

19   such request will be timely only if postmarked no later than February 21, 2014.

20        11.    The Parties are ordered to carry out and proceed with the Settlement according to

21   the terms of the Settlement and this Order.

22        12.    Class Counsel shall file a motion for final approval of settlement no later than

23   March 3, 2014.  Any request by Class Counsel for an award of attorneys' fees or reimbursement

24   of expenses shall be filed no later than December 30, 2013, and that request shall be accompanied

25   by supporting evidence.

26        13.    Any Class Member who does not request exclusion from the Settlement may

27   object to the approval of the Settlement or the award of attorneys' fees and reimbursement of

28   expenses to Class Counsel or the award of a service enhancement payment to the Class

Representative.  Any such objection will be timely only if filed with the Court and served upon Class Counsel, Defense Counsel, and the Claims Administrator, as provided in the Class Notice, no later than February 21, 2014.

14.     Any Class Member who has filed and served such written objections may, but is not required to, appear himself or herself, or through counsel, at the Final Fairness and Approval Hearing and object to the approval of the Settlement or the award of attorneys' fees and reimbursement of expenses to Class Counsel or the award of a service payment to the Class Representative.  No Class Member, or any other person, shall be heard or entitled to contest the approval of the proposed Settlement, the judgment to be entered approving the same, the award of attorneys' fees and reimbursement of expenses to Class Counsel, or the award of a service enhancement payment to the Class Representative, unless that Class Member has filed and served written objections in the manner set forth herein.  The Parties shall file any response to the objections submitted by objecting Class Members no later than March 3, 2014.

15.     Any Class Member who does not file and serve his or her objection(s) in the manner so provided herein and in the Class Notice shall be deemed to have waived such objection(s) and shall forever be foreclosed from making any objection(s) to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement and the award of attorneys' fees and reimbursement of expenses to counsel and the right to appeal any orders that are entered relating thereto, unless otherwise ordered by the Court.

16.     In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order of Preliminary Approval shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement Agreement.

\\

\\

\\

\\

\\

17.     The Court reserves the right to adjourn the date of the Final Fairness and Approval Hearing and any adjournment thereof without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the Parties to the settlement, if appropriate, without further notice to the Class.

**IT IS SO ORDERED.**

Dated:  November 26, 2013

MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

# PLEASE READ THIS NOTICE CAREFULLY. YOU MAY BE ENTITLED TO MONEY FROM A CLASS ACTION SETTLEMENT REGARDING WAGE STATEMENTS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOSHIBA JOHNSON, on behalf of herself and all others similarly situated, and on behalf of the general public, and as an "aggrieved employee" under the Labor Code Private Attorneys General Act of 2004,<br><br>Plaintiffs,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY, an Ohio corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 3:13-cv-01069-MMC<br><br>**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND HEARING DATE FOR COURT APPROVAL** |

## ATTENTION CURRENT AND FORMER CALIFORNIA EMPLOYEES OF THE GOODYEAR TIRE & RUBBER COMPANY WHO RECEIVED ONE OR MORE WAGE STATEMENTS FROM JANUARY 2012 TO FEBRUARY 2013:

THIS NOTICE EXPLAINS YOUR POTENTIAL RIGHT TO RECOVER MONEY AS THE RESULT OF A SETTLEMENT OF A CLASS ACTION LAWSUIT AGAINST THE GOODYEAR TIRE & RUBBER COMPANY ("GOODYEAR") AND ALSO EXPLAINS HOW, IF YOU ARE ELIGIBLE, TO CLAIM A SHARE OF THE SETTLEMENT PROCEEDS.

ACCORDING TO GOODYEAR'S RECORDS, YOU ARE ELIGIBLE TO PARTICIPATE IN THE SETTLEMENT. HOWEVER, TO RECEIVE A SETTLEMENT PAYMENT, YOU MUST FILL OUT AND RETURN THE ENCLOSED PROOF OF CLAIM FORM SO THAT IT IS POSTMARKED NO LATER THAN FEBRUARY 21, 2014.

IF YOU DO NOT COMPLETE AND RETURN YOUR CLAIM FORM BY THIS DEADLINE, YOU WILL NOT RECEIVE ANY MONEY UNDER THE SETTLEMENT, BUT YOU WILL STILL BE BOUND BY THE TERMS OF THE SETTLEMENT.

*What is this case about?*

The purpose of this Notice is to inform you that your rights may be affected by the proceedings in a class action lawsuit pending in the United States District Court for the Northern District of California (the "Court"). This Notice is given by Order of the Court.

There is a class action lawsuit now pending before the Court, brought on behalf of **all non-exempt employees who worked for Goodyear in California between January 11, 2012 and February 28, 2013** ("Class Members"). Plaintiff Toshiba Johnson seeks penalties and other damages based on the allegation that Goodyear violated California Labor Code Sections 226(a), 226(e) and 2698 *et seq.* (called the Private Attorneys General Act or "PAGA") by allegedly failing to issue wage statements to employees that included the last four digits of the employees' social security number (SSN) or employee ID number.

*What are the terms of the Settlement?*
Goodyear does not admit to engaging in any unlawful conduct as alleged in this lawsuit. Goodyear denies that it owes money related to wage statements and related claims. The Company is settling the matter as a compromise. Goodyear reserves the right to object to any claim if for any reason the settlement fails. The Court file has the settlement documents with more information on the lawsuit. It is available at www.pacer.gov.

The parties reached a settlement in which Goodyear's total maximum liability, inclusive of all payments to class members, costs, service payment to the class representative, administration expenses, and attorneys' fees and costs, will not exceed $350,000. If eligible, members of the Settlement Class may participate in the settlement. Class Members will not pay any out-of-pocket costs.

There was a hearing on November 22, 2013 in the United States District Court for the Northern District of California. The Court has conditionally certified a class action against Goodyear and directed that you receive this notice.

Additional Payments

The Court has preliminarily approved the following amounts to be funded from the total settlement amount:

      1.     Fee and Cost Award for Class Counsel: Class Counsel will request attorneys' fees in the amount of up to $105,000, which represents thirty percent (30%) of the maximum payout. Class Counsel will also request reimbursement of litigation costs and expenses in the amount of up to $10,000. The Court will not determine the amount of fees and costs until the Final Approval Hearing. The Fee and Cost Award shall compensate Class Counsel for the work they have performed and the expenses they have incurred in this Action. Class Members are not personally responsible for any of Class Counsel's attorneys' fees and costs.

      2.     Service Payment to the Class Representative: Class Counsel will also seek an enhanced recovery of no more than $1,000 for Toshiba Johnson for acting as the representative plaintiff on behalf of the Settlement Class. This will be in addition to whatever payment she is otherwise entitled to as a class member. If approved by the Court, this amount will be paid from the total settlement amount for her risk and service on behalf of the Settlement Class which included, among other things, reviewing documents, participating in meetings with Class Counsel, participating in settlement negotiations, and performing other services of that nature.

      3.     Settlement Administration Costs: Settlement Administration Costs of approximately $12,500 to the Settlement Administrator, Simpluris, Inc., for its services, including but not limited to distributing Class

Notices and Claim Forms to Class Members, processing Claim Forms, calculating Settlement Awards for Qualified Claimants, and distributing Settlement Awards to Qualified Claimants.

    4.      PAGA Penalties:  Goodyear shall pay $666.67 for settlement of claims brought under the Private Attorneys General Act ("PAGA"), Labor Code Section 2698 *et seq*.  The PAGA payment shall be allocated as follows: $500 (75%) to the California Labor & Workforce Development Agency ("LWDA"), and $166.67 (25%) to the Participating Claimants as part of the Net Settlement Fund.

All of the foregoing payments are subject to final approval from the Court.  Class Counsel will file their motion requesting attorneys' fees, costs and the class representative's incentive payment no later than December 30, 2013.  It will be available online at www.pacer.gov or by calling the Settlement Administrator at (888) 428-6640 or Class Counsel at (866) 550-0855.

Release of Claims

Upon final approval of the Settlement, each Class Member who does not request exclusion from the settlement is deemed to fully release and discharge The Goodyear Tire & Rubber Company and its present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be jointly liable with Defendant ("Released Parties"), of all claims and causes of action alleged in the Second Amended Complaint on file in this Action.  These claims are for penalties and/or damages under Labor Code § 226(e) and all penalties and/or damages that may be sought through the PAGA for an alleged violation of Labor Code § 226(a) ("Released Claims").  In sum, the Released Claims include all claims that might be made against Goodyear based on the allegation that Goodyear's wage statements were not compliant with California law, from January 11, 2012 through February 28, 2013.

The Released Claims do <u>not</u> include a release of any *other* rights you have or claims you may have as an employee or former employee of Goodyear.  The Released Claims are specifically limited to the claims set forth above.

***If I make a claim, how is my share of the Settlement calculated?***

Each Participating Claimant shall receive a Settlement Payment, which is a share of the Net Settlement Fund, $221,000.   The payment for each Participating Claimant is based on the number of Qualifying Pay Periods worked by that person during the Class Period.  Because Goodyear employees in California receive a wage statement each week, a "Qualifying Pay Period" is defined as any week or partial week an employee worked for Goodyear in California between January 11, 2012 and February 28, 2013 (the "Class Period").

The Settlement Payment for each individual Participating Claimant shall be calculated by dividing the Net Settlement Amount by the total number of Qualifying Pay Periods worked by all Class Members during the Class Period, and then multiplying that number by the total number of Qualifying Pay Periods worked by the individual Class Member.  By way of example only, if the total number of Qualifying Pay Periods worked by all Class Members combined is 32,000 and if the individual Participating Claimant worked 52 Qualifying Pay Periods (*i.e.*, an employee working for approximately one year), the Participating Claimant would receive: $359.32 [*i.e.*, $221,000 divided by 32,000 = $6.91, multiplied by 52].

The attached Proof of Claim Form lists the number of Qualifying Pay Periods that you worked during the Claims Period, based on Goodyear's business records.  If you believe that the number of Qualifying Pay Periods listed on the Claim Form is incorrect, you must complete Section III of the Claim Form indicating what you believe to be the correct number of Qualifying Pay Periods.  You must also send any documents or other

information that support your belief.  The Claims Administrator will resolve any dispute regarding the number of Qualifying Pay Periods you worked based on Goodyear's records and any information that you provide.

For purposes of tax payment obligations, 100% of the amounts distributed to each Settlement Class member shall be treated as penalties (and each Participating Claimant will be issued an IRS Form 1099 for such payment to him or her).  Settlement Class members should consult with their tax advisors concerning the tax consequences of the payments that they receive under the settlement.

***What are my rights and options as a Class Member?***

You have four options under this Settlement, each of which is discussed below.  You may (A) claim your share of the settlement money, (B) exclude yourself from the Settlement, (C) object to the Settlement or (D) do nothing.

(A)  <u>IF YOU WANT TO CLAIM YOUR SHARE OF THE SETTLEMENT MONEY</u>: In order to receive money from the settlement, you must submit a claim by filling out the enclosed Claim Form, and it must be postmarked no later than <u>February 21, 2014</u>.  By executing the Claim Form, you are consenting to the terms of the Settlement.  **Goodyear will not retaliate against any person who participates in this Settlement.**

Mail your Claim Form to the Settlement Administrator:

Goodyear Claims Administration
c/o Simpluris, Inc.
P.O. Box 26170
Santa Ana, CA 92799

Claim Forms postmarked after February 21, 2014 will be denied.

(B)  <u>IF YOU WANT TO BE EXCLUDED FROM THE SETTLEMENT</u>:  If you do not wish to participate and want to request exclusion from, or "opt out", of the settlement you must submit a written Request for Exclusion from the Settlement bearing a post-mark no later than February 21, 2014.  The Request for Exclusion must:  (1) legibly state your name, Social Security Number, address and telephone number, (2) state that you request exclusion from and wish to "opt out" of the Settlement, (3) be dated, and (4) be signed by you.  Requests for Exclusion must be made individually and cannot be made on behalf of a group of employees or on behalf of other Class Members.  If you chose to opt out of the Settlement, you will not receive money from the settlement.

The judgment will bind all class members who do not request exclusion.  Any member who does not request exclusion may, if they wish, enter an appearance through his or her own lawyer at their own expense.

(C)  <u>IF YOU WANT TO OBJECT TO THE SETTLEMENT</u>: Unless you opt out of the Settlement, and even if you submit a Claim Form, you may object, personally or through an attorney, to the proposed settlement by mailing your objection to the Clerk of the Court of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, P.O. Box 36060, San Francisco, CA 94102, Case No. 3:13-cv-01069-MMC, and also to counsel listed below.  In addition, if you wish to appear in person or by counsel at the final fairness hearing, you must file with the Clerk of the Court of the United States District Court for Northern District of California a written notice of your desire to appear at the fairness hearing, briefly indicating the nature of your comments or objection.  Such notice must be filed with the Court no later than February 21, 2014, and a copy of it must be sent on the same date to:

| Attorneys for Plaintiff Johnson and Class Members: | Attorneys for Defendant The Goodyear Tire & Rubber Company: |
|---|---|
| Daniel F. Gaines, Esq. | Michelle B. Heverly, Esq. |
| Kenneth S. Gaines, Esq. | Joshua D. Kienitz, Esq. |
| Alex P. Katofsky, Esq. | Alexis A. Sohrakoff, Esq. |
| Gaines & Gaines, APLC | Littler Mendelson, P.C. |
| 21550 Oxnard Street, Suite 980 | 650 California Street, 20th Floor |
| Woodland Hills, CA 91367 | San Francisco, California  94108 |
| Phone: 866-550-0855 | |

If you do not comply with this procedure, you may not be entitled to be heard at the fairness hearing or to otherwise contest the approval of the Settlement, or to appeal from any related orders or judgments of the Court.

(D)  IF YOU CHOOSE TO DO NOTHING:  If you do nothing, and the Court approves the Settlement, you will be bound by the terms of the Settlement and the release, but you will not receive any money under the Settlement.

*When and where is the final approval hearing?*

The Court will conduct a final approval hearing on March 21, 2014 at 9:00 a.m. in Courtroom 7 (19th Floor) of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102.  At that hearing, the Court will determine whether the Settlement should be finally approved as fair, reasonable, and adequate.  The Court also will be asked to approve Class Counsel's request for attorneys' fees and costs, and the enhancement award to be paid to the Class Representative.  IT IS NOT NECESSARY FOR YOU TO APPEAR AT THE HEARING.

*What if I need more information?*

If you have any questions, call the Settlement Administrator at (888) 428-6640 toll free.  You may also contact Class Counsel – Daniel F. Gaines, Kenneth S. Gaines, and Alex P. Katofsky – at (866) 550-0855.  Ask about the Goodyear Class Action Settlement.

Goodyear Claims Administration
 c/o Simpluris, Inc., P.O. Box 26170, Santa Ana, CA 92799.

# PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH INQUIRIES ABOUT THE SETTLEMENT

# EXHIBIT 2

## TOSHIBA JOHNSON v. THE GOODYEAR TIRE & RUBBER COMPANY
**Case No. 3:13-cv-01069-MMC**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

## CLAIM FORM

**IN ORDER TO BE ELIGIBLE TO RECEIVE MONEY FROM THE CLASS ACTION SETTLEMENT OF THE LAWSUIT IDENTIFIED ABOVE, YOU MUST COMPLETE IN FULL, SIGN, DATE, AND MAIL THIS CLAIM FORM ON OR BEFORE FEBRUARY 21, 2014, ADDRESSED AS FOLLOWS:**

---

**GOODYEAR / WAGE STATEMENT**
**CLASS ACTION SETTLEMENT**
c/o Simpluris, Inc.
P.O. Box 26170
Santa Ana, CA 92799
Phone: (888) 428-6640

---

**INCOMPLETE AND/OR UNTIMELY CLAIM FORMS WILL BE REJECTED**

### I.      INSTRUCTIONS:

1.      Please complete this form only if you wish to participate in the settlement.  Do not complete this form if you wish to exclude yourself from the settlement.

2.      To be eligible to participate in this settlement and receive a monetary recovery, you must have worked for The Goodyear Tire & Rubber Company ("Goodyear") in California between January 11, 2012 and February 28, 2013.

3.      Your completed Claim Form must be postmarked on or before February 21, 2014, or it will be rejected.  Your Claim Form must be filled out completely and signed, or it will be rejected.  If you move, please send the Claims Administrator your new address.  It is your responsibility to keep a current address on file with the Claims Administrator.

4.      For additional details and information, please read the attached Notice of Class Action Settlement.

### II.     PERSONAL INFORMATION

Please legibly print the following information using black or blue ink (not pencil or red or green ink):

Name (first, middle and last):_____

Home Street Address: _____

City, State, Zip Code: _____

Home Telephone Number:  (__ __ __) __ __ __– __ __ __ __

Social Security Number: __ __ __ – __ __ – __ __ __ __

### III.    YOUR QUALIFYING PAY PERIODS WORKED

According to the records of Goodyear, you worked the following number of "Qualifying Pay Periods".  A "Qualifying Pay Period" is defined as any week or partial week you worked for Goodyear in California between January 11, 2012 and February 28, 2013.

### Qualifying Pay Periods:

<u>Please be advised that the number of Qualifying Pay Periods above is presumed to be correct unless you submit documents proving otherwise.</u>  If you disagree with the number of Qualifying Pay Periods stated above, please state the total number of Qualifying Pay Periods you believe you worked and submit with this Claim Form the documents supporting your position:

_____

_____

_____.

In the event of a dispute about the correct number of Qualifying Pay Periods, the Claims Administrator will resolve the challenge with input from Goodyear and will make a final and binding determination without hearing or right of appeal by you.

## IV.    RELEASE OF CLAIMS

In exchange for my settlement payment, I, on behalf of myself and each of my heirs, representatives, assigns, successors and attorneys, fully, finally and forever release The Goodyear Tire & Rubber Company and its present and former parent companies, subsidiaries, related or affiliated companies and entities, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be jointly liable with it ("Released Parties"), of all claims and causes of action alleged in the Second Amended Complaint on file in this Action.  These claims are for penalties and damages under Labor Code § 226(e) and all penalties or damages that may be sought through the Private Attorneys General Act (Labor Code § 2698 et seq.) for an alleged violation of Labor Code § 226(a) based on the allegation that Goodyear's wage statements were not compliant with California law ("Released Claims").  This release of claims affects the time period from January 11, 2012 through February 28, 2013, and all periods of time within that range during which a Class Member was employed by Goodyear in California.

The Released Claims do not include a release of any other rights or claims you have as an employee or former employee of Goodyear. The Released Claims are specifically limited to the claims set forth above.

I declare under penalty of perjury under the laws of the State of California and the United States that everything I have written on this Claim Form is true and correct, and was signed on the date set forth below.

_____                _____
  (Signature)                                                                   Date

_____
  (Print name)