# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| TOSHIBA JOHNSON, on behalf of herself and all others similarly situated, and on behalf of the general public, and as an "aggrieved employee" under the Labor Code Private Attorneys General Act of 2004,<br><br>Plaintiffs,<br><br>vs.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY, an Ohio corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 3:13-cv-01069-MMC<br><br>**CLASS ACTION**<br><br>[PROPOSED] **FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT**<br><br>**DATE:** March 21, 2014<br>**TIME:** 9:00 a.m.<br>**COURTROOM:** 7 – 19th Floor<br>**JUDGE:** Hon. Maxine M. Chesney |

- 1 -
FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT

The Court conducted a hearing regarding Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plaintiff's Unopposed Application for Approval of Attorneys' Fees and Costs, Class Representative's Service Payment, and Settlement Administration Expenses on March 21, 2014, at 9:00 a.m., the Honorable Maxine M. Chesney presiding. The proposed settlement in this case was preliminarily approved by this Court on November 26, 2013. Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final fairness hearing as required by Federal Rule of Civil Procedure 23(e).

The parties appeared by and through their respective counsel of record.

The Court, having read and considered the papers and the arguments of counsel, the response of the Class Members to the Joint Stipulation of Settlement and Release (hereafter, the "Settlement Agreement"), and the evidence and law, and good cause appearing therefor, GRANTS Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plaintiff's Unopposed Application for Approval of Attorneys' Fees and Costs, Class Representative's Service Payment and General Release Payment, and Settlement Administration Expenses in its entirety and rules as follows.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Except as otherwise specified herein, the Settlement Agreement and all definitions set forth therein are hereby incorporated with and made part of this Final Order Approving Class Action Settlement and Judgment ("Final Order and Judgment").

2. As used herein, the terms "Class" and "Settlement Class Member" shall be defined as "all current and former non-exempt employees of The Goodyear Tire & Rubber Company employed within the State of California from January 11, 2012 through and including February 28, 2013." No class members have opted out of the settlement.

3. This Court has jurisdiction over the subject matter of this Action and all parties to this Action, including the Settlement Class Members, as defined in this Order. Specifically, this Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1332.

4. The Settlement Agreement previously filed in this action, and the terms set forth therein, are hereby found and determined to be fair, reasonable, and adequate to the Class when

balanced against the probable outcome of extensive and costly litigation. *Staton v. Boeing*, 327 F.3d 938, 960 (9th Cir. 2003). Substantial discovery, investigation, and research have been conducted such that the Parties' respective counsel at this time are reasonably able to evaluate their respective positions. It appears to the Court that settlement will avoid substantial additional costs by all parties, as well as the delay and risk that would be presented by further prosecution of this action. The Court finds that the settlement that has been reached as the result of intensive, noncollusive, arm's-length negotiations, thorough factual and legal investigation, and the good faith exchange of information and documents. In granting final approval of the Settlement Agreement, the Court considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of the settlement proceeds to the Settlement Class Members, and the fact that the settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further finds that the response of the Class to the Settlement Agreement supports final approval, as no Settlement Class Member objects to the Settlement Agreement, and thus the Settlement Agreement is hereby approved and ordered to be performed by all parties.

4. The Court finds that the form, manner and content of the Class Notice, as attached to the Court's Order Granting Preliminary Approval of Class Action Settlement, Conditionally Certifying a Settlement Class, Approving Form of Notice to the Class and Setting Hearing on Final Approval of Settlement, provided a means of notice reasonably calculated to apprise the Settlement Class Members of the pendency of the action and the proposed settlement, and thereby met the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution and any other applicable law, and constituted due and sufficient notice to all Settlement Class Members entitled thereto. Specifically, individual notice was provided by regular mail to all Settlement Class Members at their last known mailing address on file with Defendant, or an updated address obtained by the Claims Administrator. The Claims Administrator took reasonable steps to provide the Notice of Settlement and Claim Form to Settlement Class Members when it learned that the address to which those documents were mailed was no longer accurate. These documents informed Settlement Class Members of the terms of the

Settlement Agreement, their right to claim a share of the settlement proceeds and the procedure therefor, their right to object to the Settlement or to opt out of the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Approval Hearing and be heard regarding the final approval of the Settlement. Notice was provided with ample time for the Settlement Class Members to follow these procedures.

5. This Final Order and Judgment applies to all claims or causes of action settled under the terms of the Settlement Agreement, and shall be fully binding with respect to all Settlement Class Members. Upon entry of this Order, Class Representative and Plaintiff Toshiba Johnson and all Settlement Class Members are hereby barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any and all claims released pursuant to and to the extent provided in the Settlement Agreement. All of the Settlement Class Member Released Claims shall be conclusively deemed released and discharged as to Defendant as provided in the Settlement Agreement. All Settlement Class Members shall be bound by this release whether or not they have submitted a Claim Form necessary to receive payment of their allocated settlement amount.

6. The Settlement is not an admission by Defendant nor is this Final Order a finding of the validity of any claim in the lawsuit or any wrongdoing by Defendant. Furthermore, the Settlement will not be (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Defendant, including, but not limited to, evidence of a presumption, concession, indication or admission by Defendant of any liability, fault, wrongdoing, omission, concession or damage; nor (ii) disclosed, referred to or offered in evidence against Defendant, in any further proceeding in the lawsuit, or any other civil, criminal or administrative action or proceeding except for purposes of effecting the Settlement. However, the Settlement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of the Settlement, or to support a defense by the Released Parties of res judicata, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, and any other applicable defenses.

7. The Claims Administrator shall conduct the administration of the settlement payments as provided in the Settlement Agreement. The Claims Administrator shall disburse

attorneys' fees and costs to the Class Counsel from the Maximum Settlement Amount as ordered by the Court. The Claims Administrator shall prepare and issue all disbursements of the Net Settlement Amount to Qualified Claimants.

8. The Court finds that Gaines & Gaines, APLC is qualified to represent the Settlement Class and confirms their appointment as Class Counsel. The Court hereby grants Class Counsel's request for an award of $105,000 in attorneys' fees and up to $10,000 in costs, to be paid from the Maximum Settlement Amount. The Court finds that the amount of this award is fair and reasonable in light of the time and efforts expended by Class Counsel in prosecuting this Action and work performed which benefitted the Class. Importantly, there were no objections to the requested fee and costs award from any member of the Class.

9. The Court finds and determines that the payment of $500 to the California Labor and Workforce Development Agency ("LWDA") in settlement of the LWDA's share of the penalties alleged by Plaintiff and compromised under the settlement is fair and reasonable. The Court hereby gives final approval to and orders that the payment of that amount be made to the LWDA out of the Maximum Settlement Amount in accordance with the terms of the Settlement.

10. The Court finds that it is appropriate for the Class Representative Toshiba Johnson to be paid $1,000 as a Service Enhancement Payment in recognition of her contribution to this litigation and service to the Class. This payment shall be paid from the Maximum Settlement Amount, as detailed in the Settlement Agreement.

11. The Court approves the payment of settlement administration expenses to Simpluris, Inc. in the total amount of $12,500. This payment shall be made from the Maximum Settlement Amount.

12. Without affecting the finality of this Final Order and Judgment in any way, the Court hereby retains continuing jurisdiction over the Parties for the purpose of construing, enforcing and administering this Final Order and Judgment and the terms of the Settlement Agreement.

\\

\\

\\

13. The Court hereby enters Judgment approving the terms of the Settlement. This document shall constitute a final judgment for purposes of Federal Rule of Civil Procedure, Rule 58.

**IT IS SO ORDERED.**

Dated: March 21, 2014

_____
The Honorable Maxine M. Chesney
United States Senior District Court Judge

FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT